D/F

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JAN 2 9 2014   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HARU HOLDING CORP.,
*Plaintiff*,

vs.

*KYDIA INCORPORATED and HARU GINGER RESTAURANT, INC.*

*Defendant.*

Civil Action No. 13-CIV-6544 (SJF)(ARL)

<u>CONSENT JUDGMENT</u>

THIS CAUSE came before the Court on the application of Plaintiff HARU HOLDING CORPORATION (hereinafter "Plaintiff" or "HHC") and Defendant HARU GINGER RESTAURANT, INC. (hereinafter "Defendant"). Defendant's principal WEN XUN LI and his brother WEN QING LI have voluntarily agreed to join in this action and be bound by the terms of this order. Defendant, WEN XUN LI and his brother WEN QING LI shall collectively be referred to as the "HARU GINGER Defendants." HHC and the HARU GINGER Defendants shall collectively be referred to as "Parties." The Parties have jointly moved for, and have consented to, entry of a Consent Judgment ("Judgment") including injunctive relief in the form herein set forth. **NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, ORDERED, ADJUDGED and DECREED** as follows:

1. On November 26, 2013, HHC filed a Complaint against Defendant and co-defendant Kydia Inc. seeking a permanent injunction and other relief for violation of 15 U.S.C. §§ 1114 and 1125(a) and New York General Business Law §§ 360-K, 360-L and the common laws.

2. Defendant admits that this Court has subject matter jurisdiction over the action and admits and consents to personal jurisdiction over Defendant and entry of this final judgment.

3. WEN XUN LI and WEN QING LI each individually admit that this Court has subject matter jurisdiction over the action and admit and consent to personal jurisdiction over each of them

1

and entry of this final judgment.

4. HARU GINGER Defendants acknowledge and admit HHC has continuously and extensively used the trademark HARU, with and without design elements, in commerce since as early as 1999 in connection with its restaurant, catering, and related goods and services. HHC's restaurants serve traditional Japanese and inventive Japanese-fusion cuisine in a trendy ambiance. HHC also provides delivery and catering services, private rooms and lounges, outdoor dining spaces and a bar. Currently, HHC operates seven (7) restaurants in New York and Boston under its HARU trademarks.

5. HARU GINGER Defendants acknowledge and admit that in addition to HHC's common law trademark rights, HHC is also the owner of several valid and subsisting federal trademark registrations for the trademark HARU as well as other design marks that include the word HARU, including the following (individually and collectively referred to as the "HARU® Registrations"):

| Trademark | Registration No. | Goods/Services |
|---|---|---|
| [HARU design mark] | 2,546,193 | Restaurant services (Class 043). |
| HARU | 2,709,147 | Restaurant services (Class 043). |
| [HARU design mark] | 4,125,100 | Restaurant, bar, and catering services (Class 043). |

6. HARU GINGER Defendants acknowledge and agree that HHC is also the owner of a valid and subsisting New York Trademark Registration No. S20853 for the mark HARU and Design, registered in connection with "restaurant services" in Class 042 (individually, the "New York Registration" and collectively, as part of the "HARU® Registrations"). Collectively, HHC's common law rights and its rights to the marks in the HARU® Registrations are referred to as the "HARU Trademarks."

7. HARU GINGER Defendants acknowledge and admit that the HARU® Registrations are valid, subsisting, and evidence HHC's exclusive rights and ownership to the HARU Trademarks.

8. HARU GINGER Defendants acknowledge and admit that on August 26, 2011, WEN XUN LI formed and incorporated HARU GINGER RESTAURANT, INC. in the State of New York, having a business address of 7308 3rd Avenue, Brooklyn, New York, 11209 d/b/a HARU GINGER.

9. HARU GINGER Defendants acknowledge and admit that since 2011, they have owned and operated a restaurant at 7308 3rd Avenue, Brooklyn, New York 11209 using the trademarks HARU GINGER and/or HARU GINGER BROOKLYN, advertising and promoting its competing restaurant, including through the Internet at haruginger.com and harugingerbrooklyn.com.

10. Judgment is hereby entered in favor of HHC and against Defendant HARU GINGER its officers WEN XUN LI, and WEN QING LI, each individually, as follows:

Defendant HARU GINGER RESTAURANT, INC., its principals, officers, general partners, limited partners, shareholders, and owners, employees, agents, representatives, parents, affiliates, divisions, subsidiaries, successors, vendees, transferees, and/or assigns, including WEN XUN LI and

WEN QING LI, individually and collectively, on a worldwide basis, directly and indirectly, are immediately and permanently enjoined from, directly and indirectly:

    (i)    registering, attempting to register, renewing, purchasing, or acquiring any trademark rights consisting of, in whole or in part, the word HARU, any of the HARU® Trademarks, and/or any trademarks confusingly similar thereto;

    (ii)    registering, attempting to register, renewing, purchasing, or acquiring any domain names consisting of, in whole or in part, the word HARU, any of the HARU® Trademarks, and/or any trademarks confusingly similar thereto;

    (iii)    identifying, passing off, or creating the false association, affiliation or association with HHC or the HARU® Trademarks, and if asked, shall expressly deny same;

    (iv)    using, advertising, promoting, selling or offering to sell, or authorizing others to do so, in connection with any goods/services, the word HARU, the HARU® Trademarks, and/or any other words, phrases, or symbols that are confusingly similar thereto; and

    (v)    using, in whole or in part, the word HARU, any of the HARU® Trademarks, and/or any other words confusingly similar thereto: (a) as a corporate name, trade name, trademark, service mark, collective mark, certification mark, brand name, logo, domain name, website, keywords, in metatags, or any other means of source identification of any nature whatsoever, either alone or in combination with other words or symbols, (b) in advertising materials, promotional materials, stationery, packaging, displays, signs of any nature, instructions, labels and other printed materials of any nature whatsoever, (c) in listings of any nature, including, but not limited to, business listings, Internet listings, phone and trade association listings, (d) in domain names and Internet text material of any nature whatsoever, including, but not limited to, metatags, keywords, websites and any other source code or visible display on the Internet.

Notwithstanding the foregoing, up to and including **February 27, 2014**, Defendant HARU GINGER RESTAURANT, INC. shall be able to continue using any currently-existing advertising materials, promotional materials, flyers, stationery, packaging, menus, billboards, napkins, table displays, signs of any nature, instructions, labels, business cards and other materials, which display, in whole or in part, the word HARU, any of the HARU® Trademarks, HARU GINGER

4

RESTAURANT, INC., HARU GINGER, and/or HARU GINGER BROOKLYN. By no later than **March 1, 2014**, HARU GINGER shall destroy any and all such materials remaining in HARU GINGER's possession, custody, and control on February 27, 2014, and shall certify such destruction in a written letter to HHC setting forth in detail the materials destroyed, the date destroyed, and the manner of destruction.

11. The undersigned represent that the respective parties have had the opportunity to engage independent legal counsel or have obtained the advice of counsel and are consenting and agreeing to all of the terms of this Judgment freely and voluntarily.

12. The Clerk of the Court shall enter this Judgment promptly on the docket of the Court pursuant to Rule 58 of the Federal Rules of Civil Procedure and this action is hereby dismissed without costs or attorney's fees, ~~save this Court shall retain exclusive jurisdiction over this action for disputes arising out of the settlement agreement executed by the Parties or this Judgment.~~ as to Haru Ginger Restaurant, Inc.

SJF/EK

IN WITNESS WHEREOF, the Parties hereto have caused this Judgment to be executed on the dates set forth below.

| HARU HOLDING CORP. | HARU GINGER RESTAURANT, INC. |
|---|---|
| By: *Cristina S. Mendoza* <br> Printed Name: CRISTINA L. MENDOZA <br> Title: Secretary <br> Date: 1/20/14 | By xxx Name: Wen Xun Li <br> Signature Printed Name xxx: *wen xan li* <br> Title: President <br> Date: 1/13/2014 |
| | **WEN XUN LI** <br> *Wen Xan Li* <br> Date: 1/13/2014 |
| | **WEN QING LI** <br> *Wen Qing Li* <br> Date: 1/13/2014 |

**SO ORDERED**

This  29  day of January, 2014.

s/ Sandra J. Feuerstein

---
Honorable Sandra J. Feuerstein
United States District Judge

6