D/F

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

HARU HOLDING CORP.,
*Plaintiff,*

vs.

KYDIA INCORPORATED and HARU GINGER RESTAURANT, INC.

*Defendant.*

Civil Action No. 13-CIV-6544

**CONSENT JUDGMENT**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ FEB 03 2014 ★

LONG ISLAND OFFICE

THIS CAUSE came before the Court on the application of Plaintiff HARU HOLDING CORPORATION (hereinafter "Plaintiff" or "HHC") and Defendant KYDIA INCORPORATED (hereinafter "Defendant" or "KYDIA"). HHC and KYDIA shall collectively be referred to as "Parties." The Parties have jointly moved for, and have consented to, entry of a Consent Judgment ("Judgment") including injunctive relief in the form herein set forth.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, ORDERED, ADJUDGED and DECREED** as follows:

1. On November 26, 2013, HHC filed a Complaint against KYDIA for a permanent injunction and other relief for breach of settlement agreement, breach of warranty, violation of 15 U.S.C. §§ 1114 and 1125(a) and New York General Business Law §§ 360-K, 360-L, and the common laws.

2. KYDIA admits that this Court has subject matter jurisdiction over the action and admits and consents to personal jurisdiction over KYDIA and entry of this final judgment.

3. KYDIA acknowledges and admits HHC has continuously, exclusively, and extensively used the trademark HARU, with and without design elements in commerce since as early as 1999 in connection with its restaurant, catering, and related goods and services. HHC's restaurants serve traditional Japanese and inventive Japanese-fusion cuisine in a trendy ambiance.

Civil Action No. 13-CIV-6544

HHC also provides delivery and catering services, private rooms and lounges, outdoor dining spaces and a bar. Currently, HHC operates seven (7) restaurants in New York and Boston under its HARU trademarks.

4. KYDIA acknowledges and admits that in addition to HHC's common law trademark rights, HHC is also the owner of several valid and subsisting federal trademark registrations for the trademark HARU as well as other design marks that include the word HARU including the following federal trademark registrations for its trademarks (individually and collectively referred to as the "HARU® Registrations"):

| Trademark | Registration No. | Goods/Services |
|---|---|---|
| (HARU design mark) | 2,546,193 | Restaurant services (Class 043). |
| HARU | 2,709,147 | Restaurant services (Class 043). |
| (HARU design mark) | 4,125,100 | Restaurant, bar, and catering services (Class 043). |

5. KYDIA acknowledges and agrees that HHC is also the owner of the valid and subsisting New York Trademark Registration No. S20853 for the mark HARU and Design, registered in connection with "restaurant services" in Class 042 (individually, the "New York Registration" and collectively, as part of the "HARU® Registrations"). Collectively, HHC's

2

Civil Action No. 13-CIV-6544

common law rights and its rights to the marks in the **HARU®** Registrations are referred to as the "HARU Trademarks."

6. KYDIA acknowledges and admits that the **HARU®** Trademarks are strong and **HARU®** Registrations are valid, subsisting, and evidence HHC's exclusive rights and ownership to the HARU Trademarks.

7. KYDIA registered, maintains, and has control over the domain names identified below (individually or collectively referred as "KYDIA Domain Names") and uses the domain names in concert with others to advertise and promote goods/services which directly compete with HARU® Services:

> **HARUHANAIRVINGTON.COM**
> **HARUASIANRESTAURANT.COM**
> **HARUSAMEJAPANESE.COM**
> **HARUHOUSEPALMDALE.COM**
> **HARUGINGERBROOKLYN.COM**
> **HARUSAKIJAPANESE.COM**
> **HARUSOLATHE.COM**
> **NEWHARUJAPANESE.COM**
> **MIHARUBUFFETSOMERSET.COM**

8. Judgment is hereby entered in favor of HHC and against KYDIA as follows:

KYDIA, its principals, officers, general partners, limited partners, shareholders, and owners, employees, agents, representatives, parents, affiliates, divisions, subsidiaries, successors, vendees, transferees, and/or assigns, individually and collectively, on a worldwide basis, directly and indirectly, are immediately and permanently enjoined from, directly and indirectly:

    (i)   further registering, attempting to register, renewing, purchasing, or acquiring any trademark rights consisting of, in whole or in part, the word HARU, any of the HARU® Trademarks, and/or any trademarks confusingly similar thereto;

Civil Action No. 13-CIV-6544

(ii) further registering, attempting to register, renewing, purchasing, or acquiring any domain names consisting of, in whole or in part, the word HARU, any of the HARU® Trademarks, and/or any trademarks confusingly similar thereto;

(iii) identifying, passing off, or creating the false association, affiliation or association with HHC or the HARU® Trademarks, and if asked, shall expressly deny same;

(iv) using, advertising, promoting, selling or offering to sell, or authorizing others to do so, in connection with any goods/services, the word HARU, the HARU® Trademarks, and/or any other words, phrases, or symbols that are confusingly similar thereto; and

(v) using, either alone or in combination with other words or symbols, the word HARU, any of the HARU® Trademarks, and/or any other words confusingly similar thereto: (a) as a corporate name, trade name, trademark, service mark, collective mark, certification mark, brand name, logo, domain name, website, keywords, in metatags, or any other means of source identification of any nature whatsoever, (b) in advertising materials, promotional materials, stationery, packaging, displays, signs of any nature, instructions, labels and other printed materials of any nature whatsoever, (c) in listings of any nature, including, but not limited to, business listings, Internet listings, phone and trade association listings, (d) in domain names and Internet text material of any nature whatsoever, including, but not limited to, metatags, keywords, websites and any other source code or visible display on the Internet.

KYDIA shall assign, sell, convey, grant, and transfer to HHC, without recourse all of KYDIA's rights, title and interest in and to the KYDIA Domain Names, including without limitation, all federal, foreign, statutory and common law and other rights residing in the KYDIA Domain Names, all domestic and foreign applications, registrations, extensions and renewals of such applications and registrations, all goodwill of the businesses connected with and symbolized by the KYDIA Domain Names, all rights to causes of action and remedies related thereto, including without limitation, the right to sue and seek damages for past, present, and future infringements thereof, and

Civil Action No. 13-CIV-6544

any and all other rights and interests arising out of, or in connection with the KYDIA Domain Names:

    (i)    The KYDIA Domain Names shall include any and all other domain names owned, controlled or operated by KYDIA, its principals, officers, general partners, limited partners, shareholders, and owners, employees, agents, representatives, parents, affiliates, divisions, subsidiaries, successors, vendees, transferees, and/or assigns that consist of, in whole or in part, the word HARU, any of the HARU® Trademarks, and/or any other words confusingly similar thereto.

    (ii)    Within five (5) days after the Effective Date, KYDIA shall take any or all of the following steps as necessary: (A) unlocking the KYDIA Domain Names with its domain name registrar; (B) providing HHC with transfer authorization codes for the transfer of all such KYDIA Domain Names to a registrar(s) of HHC's choosing; (C) confirming the transfer of the KYDIA Domain Names to HHC by responding to a confirmation e-mail; and/or (D) providing the account login and password for the account which controls the KYDIA Domain Names.

    (iii)    KYDIA hereby authorizes and requests that any domain name registrar of HHC's choosing and as appropriate, the corresponding domestic and/or foreign registries, record HHC as the owner of the KYDIA Domain Names; and to issue in accordance with this assignment all registrations, renewals, and any other documents relating to the KYDIA Domain Names in the name of HHC as the owner of all right, title and interest in and to the KYDIA Domain Names for the sole and exclusive enjoyment of HHC.

9.    The undersigned represent that the respective parties have had the opportunity to engage independent legal counsel or have obtained the advice of counsel and are consenting and agreeing to all of the terms of this Judgment freely and voluntarily.

10.    The Clerk of the Court shall enter this Judgment promptly on the docket of the Court pursuant to Rule 58 of the Federal Rules of Civil Procedure and this action is hereby dismissed without costs or attorney's fees, ~~save this Court shall retain exclusive jurisdiction over this action for disputes arising out of the settlement agreement executed by the Parties or this Judgment.~~



Civil Action No. 13-CIV-6544

**IN WITNESS WHEREOF,** the parties hereto have caused this Judgment to be executed on the dates set forth below.

| HARU HOLDING CORP. | KYDIA INCORPORATED |
|---|---|
| By: _____ | By: _Jtoun Chen_ |
| Printed Name: _____ | Printed Name: _LEON CHEN_ |
| Title: _____ | Title: _CEO_ |
| Date: _____ | Date: _1/31/2014_ |

**SO ORDERED**

This _____ day of January, 2014.

_____
Honorable Sandra J. Feuerstein
United States District Judge

6

Civil Action No. 13-CIV-6544

IN WITNESS WHEREOF, the parties hereto have caused this Judgment to be executed on the dates set forth below.

| HARU HOLDING CORP. | KYDIA INCORPORATED |
|---|---|
| By: *Cristina T. Mendoza* | By: _____ |
| Printed Name: CRISTINA L. MENDOZA | Printed Name: _____ |
| Title: Secretary | Title: _____ |
| Date: 8/3/14 | Date: _____ |

**SO ORDERED**

This ____ day of January, 2014.

_____
Honorable Sandra J. Feuerstein
United States District Judge

SO ORDERED.

s/ Sandra J. Feuerstein

_____
U.S.D.J.                    2/3/14